IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JASON WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-06-1943 |
|  | * | |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL NO. 333, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Presently pending before this Court is Plaintiff Jason Williams' ("Plaintiff") Motion for Leave to Amend Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 103.6 of this Court. Defendants International Longshoremen's Association Local No. 333 ("Local 333") and Horace Alston ("Alston") oppose the filing of an Amended Complaint. The issues have been fully briefed by the parties and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Plaintiff's Motion for Leave to Amend Complaint is GRANTED.

BACKGROUND

These facts are alleged in the Complaint and proposed First Amended Complaint. Plaintiff was employed by Defendant P&O Ports of North America, Inc. ("P&O"). Defendant Local 333 was the certified collective-bargaining representative of the Longshoremen's bargaining unit of which Plaintiff was a member. Defendant P&O and other employers belonged to the Defendant Steamship Trade Association ("STA"), an organization representing employers in collective-bargaining agreements. On October 1, 2004, STA and Local 333 entered into a

collective-bargaining agreement ("the Agreement") providing benefits and protections for longshoremen, including Plaintiff.  On March 1, 2005, STA and Local 333 adopted a new drug and alcohol testing policy ("the Policy") written by Alston, trustee for Local 333, and Michael Angelos ("Angelos"), President of STA.  Plaintiff alleges that the Policy significantly changed the preceding policy and was in conflict with clear language in the Agreement.

On June 20, 2005, Plaintiff was involved in an incident at work, and it is alleged that his supervisor ordered him to submit to a drug test.  Plaintiff contends that his supervisor did not contact Plaintiff's representative in Local 333 before ordering the test, but he nonetheless submitted a urine sample as requested.  Three days later, however, he received a letter advising him that he was suspended for 60 days for failing to take the test, and he later received a second letter advising him that he was permanently suspended.  Plaintiff alleges that he then received a third letter saying he had tested positive and that, as noted in the previous letter, he was permanently suspended.

Plaintiff filed two grievances, one with a Seniority Board and one with the STA-ILA Drug & Alcohol Abuse Committee (the "Committee"), but his job was not restored.  He brought the instant action on July 28, 2006, against Defendants Local 333, STA, P&O, Alston, and Angelos, alleging that the Defendants breached the Agreement and their duty of fair representation.[1]  On August 31, 2006, Defendants STA, P&O, and Angelos filed a Motion to

---

[1] This case is related to another case recently filed in this Court: *John Joseph Comi, Jr. v. International Longshoremen's Association, Local No. 333, et al.* (case no. RDB-06-cv-2927, filed November 7, 2006).  Mr. Comi brought suit against the same defendants Plaintiff has named in his proposed First Amended Complaint.  He, too, alleges that the new drug policy violated the collective-bargaining agreement and that his employment was wrongfully terminated as a result of the harsher penalty imposed under the new policy.

Dismiss or Alternatively for Summary Judgment. (Paper No. 8.) On September 8, 2006, Local 333 and Alston filed an Answer to Plaintiff's Complaint. (Paper No. 11.) On October 6, 2006, Local 333 and Alston filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Paper No. 15.) Plaintiff filed the instant Motion for Leave to Amend Complaint on October 13, 2006. (Paper No. 18.)

The proposed First Amended Complaint adds John Shade ("Shade"), co-trustee of Local 333 with Alston, and the Committee as Defendants. It also seeks to clarify some facts and add others made known to Plaintiff since he filed his Complaint. Finally, it alleges eight counts of breach of the duty of fair representation against the Defendants for their various roles in the events giving rise to this suit.

## STANDARD OF REVIEW

A plaintiff may amend his complaint once "as a matter of course at any time before a responsive pleading is served" or "by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). As Judge Chasanow of this Court stated in *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002), leave to amend a complaint pursuant to Rule 15(a) "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court enumerated certain factors to guide federal district courts in making a determination with respect to granting leave to amend a complaint. The Court noted that, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

The U.S. Court of Appeals for the Fourth Circuit recently held that Rule 15 "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The court also held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 427.

## ANALYSIS

**I.   Adding Defendants to the Complaint**

Plaintiff first seeks to add John Shade and the STA-ILA Drug & Alcohol Abuse Committee as defendants. Plaintiff argues that, as co-trustee of Local 333 with Horace Alston, Shade shares liability with Alston, who was named in the Complaint. (Pl.'s Reply Mem. p. 5.) Counts One, Two, Four, Seven, and Eight of Plaintiff's proposed First Amended Complaint allege that Shade breached his duty of fair representation. Plaintiff also wants to add the Committee, because information about the Committee's authority over drug and alcohol infractions came to light in the August 31, 2006, Motion to Dismiss or Alternatively for Summary Judgment filed by Defendants STA, P&O, and Angelos. (*Id.*) Counts One, Two, and Four of Plaintiff's proposed First Amended Complaint allege that the Committee breached its duty of fair representation.

**II.   Amending the Substance of the Complaint**

According to Plaintiff, "[t]he proposed First Amended Complaint merely seeks to clarify the nature of [his] claims." (Pl.'s Mem. Supp. Mot. Amend p. 3.) Specifically, Plaintiff wants to incorporate information that came to his attention after he filed his Complaint. He has also

4

increased the number of Counts from five to eight, all of which are titled "Breach of the Duty of Fair Representation."

Defendants contend that under *Foman v. Davis*, Plaintiff should not be permitted to amend his Complaint because (1) the amendment would unduly prejudice them, (2) the amendment would be futile, and (3) Plaintiff acted in bad faith. (Def.'s Mem. Opp'n Mot. Amend p. 2-4.)

First, Defendants Local 333 and Alston oppose the Amended Complaint on the grounds that it would unduly prejudice them. (*Id.* at 2-3.) Specifically, the Amended Complaint would be significantly longer and more involved than the original. (*Id.*) Defendants note that they prepared their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment based on the original Complaint, and argue that if this Court allows the Plaintiff to amend his Complaint, they would have to re-write their pleading. (*Id.* at 3.) Defendants also contend that Plaintiff should not be allowed to amend his Complaint now when most of the events giving rise to the action took place over a year ago, and the proposed First Amended Complaint does not contain any events that took place since Plaintiff filed his original Complaint. (*Id.* at 2-3.) Thus, they argue, amending the Complaint would be prejudicial to them.

The Fourth Circuit Court of Appeals has noted that "a common prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Laber*, 438 F.3d at 427 (citation omitted). Plaintiff contends that the proposed First Amended Complaint only "sets out more detail of facts alleged in the original Complaint." (Pl.'s Reply Mem. p. 5.) The only "completely new" allegation is that Defendants breached their duty of fair

5

representation by depriving Plaintiff of his right to a "meaningful grievance process." (*Id*. at 5-6.)  In addition, most of the changes precipitated from allegations Defendants made in their own pleading that shed light on the allocation of responsibility among the various parties.  (*Id*.)  This Court agrees with Plaintiff's arguments that his proposed Amended Complaint does not raise any new legal theories, and the Scheduling Order in place can be slightly modified to allow Defendants to prepare a defense.  Accordingly, Defendants would not be unduly prejudiced if Plaintiff were to amend his Complaint.

Second, Defendants contend that amending the Complaint would be futile because the Complaint is time-barred by the applicable statute of limitations.  (Def.'s Mem. Opp'n Mot. Amend p. 4.)  They have already raised this argument in their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and contend that the proposed amended complaint lacks "any new facts concerning any purported tolling of the statute of limitations." (*Id*.)

Plaintiff contends that the proposed First Amended Complaint contains enough allegations to create a genuine issue of material fact as to when the statute of limitations began running.  (Pl.'s Reply Mem. p. 8.)  He also argues that the Defendants' breach of their duty of fair representation is continuing since the Policy remains in place.  (*Id*.)  Although this Court need not decide whether a genuine issue of material fact exists at this time, Plaintiff has pled sufficient facts that amending the Complaint cannot be said to be futile at this stage of the proceedings.

Third, Defendants argue that Plaintiff has proceeded in bad faith.  The length and detail of the proposed First Amended Complaint indicate that Plaintiff knew "days if not weeks prior" to the date the instant Motion was filed.  (Def.'s Mem. Opp'n Mot. Amend p. 4.)  However,

Plaintiff's only attempt to seek consent from them to file an Amended Complaint (in accordance with Rule 15 and Local Rule 103.6d.) was when his counsel called Defendants' counsel shortly before filing the instant Motion. (*Id.*)

Plaintiff responds that the only motivating factor behind his request was "to strengthen his case as he seeks to prevail in opposing Defendants' Motion to Dismiss." (Pl.'s Reply Mem. p. 9.) Also, he notes that Defendants' counsel sent him a letter requesting that he dismiss his case and that, in light of that correspondence, it would have been pointless for him to contact the Defendant earlier to seek consent to amend the Complaint. (*Id.*) This Court finds no indication that Plaintiff acted in bad faith in filing the instant Motion for Leave to Amend Complaint.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend his Complaint is GRANTED. A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Date: November 14, 2006